# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

November 9, 2026

Re: *Johnson v. Fedwriters, Inc.*
Civ. No. GLS 26-1133

Dear Ms. Johnson and Counsel:

This case is assigned to me for all further proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF Nos. 21, 22). Pending before the Court is the "Plaintiff's Opposed Motion for Extension of Time to File Amended Complaint" ("Motion) (ECF No. 27). Following the Court's Order to provide a response in explanation to its opposition, Defendant filed "Defendant Fedwriters, Inc.'s Opposition to Plaintiff's Motion for Extension of Time." (ECF Nos. 28, 29). I find that a hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2025).

On March 18, 2026, Plaintiff filed a Complaint against Defendant, alleging employment discrimination and retaliation. (ECF No. 1). Three months later, in June 2026, Defendant filed a "Motion for a More Definite Statement" (ECF No. 14). Sixty days later, on August 5, 2026, the district judge then assigned to the case presided over a case management conference, at the conclusion of which he dismissed as moot ECF No. 14, ruled that Plaintiff should be given additional time to locate an attorney to represent her, and that good cause existed to allow Plaintiff to file an Amended Complaint should she continue to proceed *pro se*. The district court gave Plaintiff 45 days either to have an attorney enter his/her appearance or to file an Amended Complaint. (ECF Nos. 21, 22). Accordingly, Plaintiff had until September 21, 2026. (*Id.).*

Seven days later, Plaintiff filed the Motion. In the Motion, Plaintiff concedes that she missed the deadline for counsel to enter his appearance, representing that she initially believed that she had secured someone to represent her but that "did not materialize." (Motion, ¶ 4). Next, Plaintiff asserted that once she understood that she would have to continue as a *pro se* party, she began preparing an Amended Complaint " that directly addresses the pleading issues identified by Defendant and the Court, including numbered factual allegations and separately stated causes of action." (Motion, ¶¶5, 7). Third, Plaintiff contacted Defendant's counsel and sought his agreement for a 30-day extension of time, which Defendant declined to provide. (Motion, ¶ 9). In the Opposition, Defendant first avers that Plaintiff "has not provided an excusable reasonable for missing the deadline." Second, Defendant contends that Plaintiff should not be given latitude just because of her *pro se* status. Third, Defendant asserts that it is prejudiced by the delay that has already occurred since this case has been filed, and will continue to be prejudiced by any further delay. (ECF No. 28, pp. 4-8).

Because the Motion was filed 7 days after the deadline for Plaintiff to have counsel enter his/her appearance or for Plaintiff to file an Amended Complaint, Fed. R. Civ. P. 6(b)(1)(B) is implicated. Rule

6(1)(b)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect." In this Circuit, "neglect" is to be interpreted to include "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996)(quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380 (1993)). In addition, "excusable" is interpreted as follows:

> at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.*(internal quotation marks omitted).

Having analyzed the filing before it and the law, the Court first finds that Plaintiff has acted in good faith in failing to meet the September 21, 2026 deadline. The Court finds persuasive her representations that she believed that counsel would enter an appearance and that the attorney's failure to do so contributed to her inability to meet this deadline. Next, the Court does not find there to be any substantial prejudice to the Defendant. As it currently stands, the Complaint refers to alleged unlawful conduct in 2025, roughly one year before the pleading was filed. Thus, any additional delay in an Amended Complaint being filed would "only marginally affect the memories of witnesses, and granting leave to amend after the delay would not foreclose any arguments that would otherwise have been available to defendants." *German v. Akal Sec., Inc.*, Civ. No. CCB-11-1242*,* 2012 WL 1203942, at *2 (D. Md. Apr. 10, 2012). Next, given that the instant lawsuit was filed this year-and if Plaintiff fails to file an Amended Complaint that complies with Fed. R. Civ. P. 8, 10(b), this case could be dismissed-the potential impact on judicial proceedings is minimal. Furthermore, considering the length of the delay, it is only brief given the life span of this case, and there have not been multiple filings by either side.

In sum, taking into account all of the relevant factual circumstances and balancing the equities, I find that Plaintiff has shown excusable neglect under Rule 6(1)(b)(B).

Accordingly, ECF No. 27 is hereby **GRANTED. By no later than November 30, 2026, Plaintiff shall file an Amended Complaint**. No further extensions will be granted.

Although informal, this is a Letter Opinion and Order of the Court and shall be docketed as such.

/s/

____________________________

The Honorable Gina L. Simms
United States Magistrate Judge